IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD DERELL HARMON (TDCJ No. 1891908), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-2038-D-BN |
| DALLAS POLICE DEPARTMENT, ET AL., | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b). The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff Edward Derell Harmon, currently in the custody of the Texas Department of Criminal Justice and proceeding *in forma pauperis*, *see* Dkt. No. 15, has filed a complaint under 42 U.S.C. § 1983 concerning his arrest and subsequent incarceration at the Lew Sterrett Justice Center in Dallas, *see* Dkt. No. 3. The Court sent written interrogatories to Plaintiff to obtain additional information about the factual basis of this suit. *See* Dkt. No. 13. And Plaintiff answered the interrogatories on September 3, 2014. *See* Dkt. No. 16.

In his complaint and interrogatory responses, Plaintiff alleges a claim of excessive force against at least two Dallas police officers, arising from his arrest on

March 26, 2013; a claim against other Dallas police officers alleged to be present at his arrest who failed to intervene; and a claim of deliberate indifference, which appears to be based on medical care that he received for his eyes on March 27, 2013 and medical care and related treatment that he received at the jail generally. *See* Dkt. No. 3 at 3-4, 9-12; Dkt. No. 16 at 1, 3-6, 9-10.

Plaintiff states that, when he was arrested in the evening of March 26, 2013, Dallas Police Officers C. Nguyen and T. McNeal kicked and punched him, slammed his head to the floor, and verbally threatened him. *See* Dkt. No. 3 at 4; Dkt. No. 16 at 4-5. According to Plaintiff, the "police beat [him] up after putting handcuff[s] on" him. Dkt. No. 16 at 1; *see also* Dkt. No. 3 at 4 (asserting that Officer Nguyen caused Plaintiff injury "after handcuff was on"). Plaintiff also provides the first initials, last names, and badge numbers of fifteen other officers who he alleges were "involve[d] and did nothing to stop it or act on it as public servant[s] of law." Dkt. No. 16 at 1.

Plaintiff further states that, after his arrest and upon arrival at the jail, a nurse ordered that he be transported to Parkland Hospital to address an apparent emergency regarding a rupture or fracture in his eye, as to which Plaintiff alleges there was swelling, bruising, and discoloration. *See id.* at 3. Plaintiff asserts that he was treated at Parkland in the early morning of March 27, 2013. *See id.* (listing the injury as "traumatic iritis").

Plaintiff also complains – very generally – about the care that he received for his eyes, the fact that he was assigned to a top bunk, and that he was discriminated against based on symptoms of his Crohn's disease. *See id.* at 3, 9-10.

Although, on first impression, Plaintiff's complaint appeared to be challenging the legality of his arrest – and, indeed, he states that he has appealed his conviction, *see* Dkt. No. 16 at 6-8 – Plaintiff has clarified that this "complaint is not based upon unlawful conviction," *id.* at 6. It is instead "exclusively based upon police misconduct/brutality and [ ] denied healthcare treatment...." *Id.*

Accordingly, the undersigned has screened his excessive force and deliberate indifference claims and now concludes that Plaintiff's claim of deliberate indifference should be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). But his excessive force claim and related bystander liability (failure to intervene) claim should be permitted to proceed.

**Legal Standards**

A district court is required to screen a civil action brought by a prisoner seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an

arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

To state a claim on which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*,

556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

**Analysis**

<u>Excessive Force</u>

Plaintiff alleges that the arresting officers, Officer C. Nguyen and Officer T. McNeal, violated his constitutional rights by kicking and punching him, slamming his head to the floor, and verbally threatening him. *See* Dkt. No. 3 at 3-4; Dkt. No. 16 at 4-5.

The Fourth Amendment of the United States Constitution protects individuals from excessive force during an arrest or other seizure. *See Graham v. Conner*, 490 U.S. 386, 395 (1989). To succeed on an excessive force claim, a plaintiff bears the burden of showing "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000) (internal quotation marks omitted). Analysis of a Fourth Amendment excessive force claim involves consideration of the need for force and the so-called *Graham v. Connor* factors: the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." 490 U.S. 386, 396 (1989).

Taking Plaintiff's allegations as true, for purposes of 28 U.S.C. § 1915A screening, the facts suggest that the force employed by Officers C. Nguyen and T.

McNeal may have been clearly excessive to the need and objectively unreasonable. Plaintiff alleges the officers "beat [him] up after putting handcuff[s] on" him. Dkt. No. 16 at 1. If Plaintiff was restrained, any need to use force should have been lessened, and there likely would have been no need to kick or punch Plaintiff or slam his head to the floor. Plaintiff alleges, moreover, that he was taken to Parkland Hospital by jail officials very shortly after his arrest to treat a traumatic injury to his eye, which suggests that it is plausible that the injury was caused by the arresting officers through the use of excessive force. *See Deville v. Marcantel*, 567 F.3d 156, 168 (5th Cir. 2009) ("In evaluating excessive force claims, courts may look to the seriousness of injury to determine whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction as is tantamount to a knowing willingness that it occur. Thus, the extent of [the] injury inflicted may be considered in determining whether the officers used excessive force." (internal citations and quotation marks omitted)).

Bystander Liability (Failure to Intervene)

In response to the Court's first written interrogatory – which requested that Plaintiff state each claim that he is asserting and identify the defendant or defendants responsible – Plaintiff claims that, in additional to the arresting officers, other officers, whom he identified by first initials, last names, and badge numbers, did nothing to stop the alleged assault. *See* Dkt. No. 16 at 1; *see also* Dkt. No. 3 at 8 (listing substantially the same officers as being present at the time Plaintiff was arrested).

"An officer may be liable under 42 U.S.C. § 1983 if he is 'present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force.'" *Ryan v. City of Fort Worth, Tex.*, No. 4:07-cv-310-A, 2009 WL 577284, at *5 (N.D. Tex. Mar. 5, 2009) (quoting *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995)). "However, this 'bystander' liability obtains only if the bystander defendant had reasonable opportunity to intercede and prevent the constitutional violation." *Blacke v. City of Galveston, Tex.*, Civ. No. 10-cv-388, 2014 WL 794025, at *8 (S.D. Tex. Feb. 27, 2014) (citing *Spencer v. Rau*, 542 F. Supp. 2d 583, 594 (W.D. Tex. 2007) (relying on *Davis v. Rennie*, 264 F.3d 86, 97-98 (1st Cir. 2001) (holding that a police officer can be held liable under 42 U.S.C. § 1983 for failure to intervene "if the defendant was present when the force was used, observed the use of excessive force, was in a position where he could realistically prevent the force, and had sufficient time to prevent it"))).

For purposes of 28 U.S.C. § 1915A screening, Plaintiff has done enough to allow a claim for bystander liability (failure to intervene) against the police officers who he states "did nothing to stop" the alleged excessive force to proceed.

<u>Deliberate Indifference</u>

Plaintiff complains about the treatment that he received related to his eye injury, *see* Dkt. No. 3 at 4; Dkt. No. 16 at 1, 3, and also complains generally about care at the jail, including his bunk assignment and that he was discriminated against based on symptoms of his Crohn's disease, *see* Dkt. No. 16 at 3, 6, 9-10.

His complaints concerning the medical care he received at the Dallas jail are governed by the Eighth Amendment's deliberate indifference standard. To establish

such a constitutional violation, a plaintiff must show that jail officials acted with deliberate indifference such as to cause the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This, in turn, requires proof that a state actor was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare*, 74 F.3d at 648 (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Delay in providing medical care does not rise to the level of a constitutional violation unless the delay results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993). Nor does an incorrect diagnosis, disagreement with medical treatment, or the failure to provide additional medical treatment constitute deliberate indifference. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Rather, a plaintiff must show that the medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Plaintiff cannot state a claim for deliberate indifference. As to treatment for his eye injury, he states that he was taken to Parkland for treatment immediately on being booked into the jail. *See* Dkt. No. 16 at 3. And he provides what appear to be handwritten copies of medical documents concerning that treatment. *See, e.g.*, Dkt. No. 3 at 9-12. His other, more generalized allegations concerning healthcare at the jail, *see, e.g.*, Dkt. No. 16 at 10 ("not receiving adequate care for 6 month[s]"), are too vague and conclusory to state a claim for deliberate indifference.

As to his vague complaint concerning assignment to a top bunk, *see* Dkt. No. 16 at 10, Plaintiff has not alleged that this assignment violated a medical restriction known to the jail. In fact, he states that he was not bottom bunk-restricted when he was incarcerated in the Dallas jail. *See id.* This complaint, too, cannot state a claim for deliberate indifference. *See Howard v. Lipkowitz*, No. C 02-1821 MMC (PR), 2002 WL 1483823, at *1 (N.D. Cal. July 1, 2002) (no "cognizable claim" for deliberate indifference where "Plaintiff does not allege that defendant knew plaintiff faced a serious risk of harm from being in an upper bunk[ or] that his assignment to an upper bunk was medically necessary").

Plaintiff also complains that he "suffers a lot of criticism" because of complications due to his Crohn's disease, particularly complaints concerning him "passing gas." *See* Dkt. No. 16 at 10. But Plaintiff does not allege that he was refused medical care or treatment for this condition or for complications as a result of this condition. His claims related to his Crohn's disease cannot be the basis for a deliberate indifference claim. *See, e.g.*, *Johnson*, 759 F.2d at 1238 (to show deliberate indifference, a plaintiff must show, for example, that he was refused treatment or that his complaints were ignored).

**Recommendation**

Plaintiff's claim of deliberate indifference should be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff's excessive force claim should be permitted to proceed, and Officers C. Nguyen and T. McNeal should be served by the United States Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3).

Plaintiff's related bystander liability (failure to intervene) claim also should be permitted to proceed, and those officers who Plaintiff states "did nothing to stop" the alleged excessive force, *see* Dkt. No. 16 at 1, also should be served by the Marshal pursuant to Rule 4(c)(3). The names of those officers are: Officer T. Wall; Officer J. Fung; Officer A. Spiller; Officer T. Dinh; Officer J. Logan; Officer C. Nilsen; Officer J. Lising; Officer D. Fogle; Officer N. Massu; Officer M. Conway; Officer M. Cantu; Sgt. G. Garcia; Sgt. J. Garrett; Officer M. Coggins; and Officer T. Lewis.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court,

except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996).

DATED: October 21, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE