IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD DERELL HARMON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-2038-D |
| | § | |
| CHAU NGUYEN, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Edward Derrell Harmon, proceeding *pro se* and *in forma pauperis*, *see* Dkt. No. 12, has filed a motion for appointment of counsel [Dkt. No. 30], postmarked December 30, 2014 and docketed by the Court on January 5, 2015. United States District Judge Sidney A. Fitzwater has referred the motion to the undersigned United States magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). *See* Dkt. No. 32. For the reasons explained below, the motion is DENIED without prejudice.

**Background**

On October 21, 2014, the undersigned recommended that Plaintiff's excessive force claim and related bystander liability (failure to intervene) claims be allowed to proceed against numerous Dallas Police Department officers identified by Plaintiff. *See generally* Dkt. No. 17. No objections were filed. And the Court adopted that recommendation, and ordered service on the officers, on November 25, 2014. *See* Dkt.

No. 19.

Most (all but two) defendants identified by Plaintiff have now answered the complaint and have asserted the affirmative defense of qualified immunity. *See* Dkt. Nos. 22-29.

**Legal Standards**

While "[t]here is no absolute right to an attorney in § 1983 cases," *Nickols v. Morris*, 705 F. Supp. 2d 579, 584 (N.D. Tex. 2010),

> "[a] federal court has discretion to appoint counsel if doing so would advance the proper administration of justice." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (citing 28 U.S.C. § 1915(d) (1976)). The district court should consider four factors in ruling on a request for appointed counsel: "(1) the type and complexity of the case; (2) whether [Plaintiff] is capable of adequately presenting [his] case; (3) whether [Plaintiff] is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Id.*

*Gilbert v. French*, 364 F. App'x 76, 84-85 (5th Cir. Feb. 2, 2010) (per curiam).

A court considers the *Ulmer* factors to determine whether exceptional circumstances, justifying the appointment of counsel, exist. *See Lockamy v. Carrillo*, 432 F. App'x 283, 286 (5th Cir. July 6, 2011) (per curiam) ("A district court may appoint counsel in a § 1983 case if exceptional circumstances exist. The existence of exceptional circumstances depends upon 'the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence.'" (citing *Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006) (per curiam); quoting *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007)); *see also Nickols*, 705

F. Supp. 2d at 584 ("[A] motion for appointment of an attorney under § 1915 should not be granted absent exceptional circumstances." (citing *Vinson v. Heckmann*, 940 F.2d 114, 116 (5th Cir. 1991); *Hulsey v. Texas*, 929 F.2d 168, 172 (5th Cir. 1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986))); *cf. McBride v. Hilton*, 223 F. App'x 303, 305 (5th Cir. Feb. 5, 2007) (per curiam) ("[B]ecause McBride is not entitled to appointment of counsel for his § 1983 claims and he has failed to demonstrate exceptional circumstances, the district court did not err in denying him appointment of counsel." (citing *Ulmer*, 691 F.2d at 212)).

**Analysis**

Plaintiff has not demonstrated exceptional circumstances justifying appointment of counsel exist at this time. Although civil rights actions are "more complex than many other cases," that fact alone does not warrant the appointment of counsel. *Jackson*, 811 F.2d at 262. The Court still must determine whether exceptional circumstances exist. *See id.* at 261.

And, here, based on the record now before the Court, Plaintiff's excessive force and failure to intervene claims – which survived screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A – are fairly straightforward (factually and legally).

Plaintiff acknowledges that he has access to a law library, although he contends that his access is limited. To date, there appears to be no reason why Plaintiff cannot adequately research and investigate the case on his own without the Court's taking the exceptional step of appointing counsel.

Although Plaintiff reports that he has limited knowledge of the law, so far,

Plaintiff has presented the Court with adequate pleadings – that is, Plaintiff has been able to articulate his claims so that the Court can understand them. *See Gilbert*, 364 F. App'x at 84 (finding the district court did not abuse its discretion in denying appointment of counsel in similar circumstances); *see also Falcon v. Holly*, 480 F. App'x 325, 326-27 (5th Cir. July 3, 2012) (per curiam) (vacating summary judgment for defendant on an excessive force claim but, at the same time, affirming denial of appointment of counsel "[b]ecause [Plaintiff] has not shown that the case involves exceptional circumstances").

The Court is presently unable to ascertain whether the evidence in this case will consist of conflicting testimony so as to require skill in the presentation of evidence and cross-examination.

None of the *Ulmer* factors, taken together or individually, compel the appointment of counsel.

But the denial of Plaintiff's motion is without prejudice. For example, should this case not be resolved on the basis of the defendants' qualified immunity defenses, or if Plaintiff's complaint survives dismissal after the Court rules on any dispositive motions, Plaintiff may again move for the appointment of counsel or the Court may appoint counsel for Plaintiff on its own. *See, e.g.*, *Rogers v. Brown*, No. 3:12-cv-2458-M-BN, 2013 WL 4494522 (N.D. Tex. Aug. 22, 2013) (accepting the magistrate judge's recommendation that four defendants were not entitled to summary judgment on qualified immunity as to an excessive force claim and that *pro bono* counsel should be appointed to assist Plaintiff to prosecute his 42 U.S.C. § 1983

excessive force claim going forward).

## Conclusion

Plaintiff's Motion for Appointment of Counsel [Dkt. No. 30] is DENIED without prejudice.

SO ORDERED.

DATED: January 12, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE