IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDWARD DERELL HARMON, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:14-CV-2038-D |
| VS. § | |
| § | |
| CHAU NGUYEN, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Edward Derell Harmon ("Harmon"), proceeding *pro se* and *in forma pauperis*, has filed five motions that the court now decides.[*]

I

On April 7, 2015 the clerk of court docketed Harmon's motion entitled as a demand for relief and his two motions for leave to amend the pleadings. All three motions can be construed as requesting leave to amend Harmon's pleadings. On April 24, 2015 the clerk of court docketed Harmon's motion to suppress evidence and his motion regarding burden of proof on claim and defense.

_____

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

II

"It is settled that the grant of leave to amend the pleadings pursuant to [Fed. R. Civ. P. 15(a)] is within the discretion of the trial court." *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). In deciding whether to grant leave to amend, the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing cases). "Although leave to amend should be 'freely give[n] ... when justice so requires,' [Rule 15(a)(2)], a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009)) (some internal quotation marks omitted). But this court's

> almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Reneker v. Offill*, 2011 WL 1427661, at *1 (N.D. Tex. Apr.13, 2011) (Fitzwater, C.J.).

Reading Harmons' motions liberally, it appears that he is seeking to add a claim against the City of Dallas, claims concerning a search warrant and falsification of a police report, and a claim of negligence. Harmon also seeks to amend the damages for which he is suing, and to request that his sentence be vacated. As presented through the motions for leave, the proposed amendments appear to be legally futile and/or lacking in sufficient factual content to be plausible (and therefore survive Rule 8 scrutiny). But because Harmon has failed to submit a copy of his proposed amended complaint, as N.D. Tex. Civ. R. 15.1 requires, the court will grant him a period of 14 days to file another motion for leave to amend, which must include a copy of the amended complaint that he seeks leave to file. His three pending motions for leave are denied without prejudice.

### III

Harmon's motion to suppress evidence is essentially a motion *in limine* and is denied without prejudice as premature.

### IV

Harmon's motion regarding burden of proof on claim and defense fails to specify the relief he seeks and to provide a basis for the court to grant any relief that he may be seeking. The motion is therefore denied.

**SO ORDERED**.

May 13, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE