IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD DERELL HARMON (TDCJ No. 1891908), | § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:14-cv-2038-D-BN |
| CHAU NGUYEN, ET AL., | | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from United States District Judge Sidney A. Fitzwater. *See* Dkt. No. 107. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny Plaintiff Edward Derell Harmon's Motion for Default Judgment [Dkt. No. 60].

**Background**

On October 21, 2014, the undersigned recommended that Plaintiff's excessive force claim and related bystander liability (failure to intervene) claim should be allowed to proceed against numerous Dallas Police Department officers identified by Plaintiff. *See generally* Dkt. No. 17. No objections were filed, and the Court adopted that recommendation and ordered service on the officers on November 25, 2014. *See* Dkt. No. 19. All but one officer identified by Plaintiff – Officer Terry Lewis – answered

the complaint by January 14, 2015. *See* Dkt. Nos. 22-29 & 34.

Through his Motion for Default Judgment, which was docketed by the Court on February 18, 2015, Plaintiff contends that he is entitled to judgment by default because, among other things, he erroneously contends that, after service of his complaint, by Court order, "no answer or other defense has been filed by the Defendant[s]; default was entered [by the Clerk]; [and] no proceedings have been taken by the Defendant[s] since the default was entered." Dkt. No. 60 at 1.

The undersigned now concludes that the Court should deny the Motion for Default Judgment.

**Legal Standards**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. *See* FED. R. CIV. P. 55(a). "This first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment." *Am. S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3 (E.D. Tex. Dec. 28, 2010), *rec. adopted*, 2011 WL 288604 (E.D. Tex. Jan. 27, 2011). As United States District Judge Barbara M.G. Lynn has explained,

> Rule 55 (b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A default judgment is available as long as the plaintiff establishes: (1) defendant has been served with the summons and complaint and default was entered for its failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See, e.g.*, 50 App. U.S.C. § 521; FED. R. CIV. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*,

438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise. *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*

The [United States Court of Appeals for the] Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). This policy, however, is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers,* 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan,* 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

When making a determination as to whether or not to enter a default judgment, district courts are to consider the following factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998). Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party. *See id.*

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at

*2-*3 (N.D. Tex. Jan. 14, 2013). Entry of default judgment is completely within the

Court's discretion. *See Lindsey,* 161 F.3d at 893. The Court appropriately enters default

-3-

judgment when a defendant fails to answer or otherwise refuses to obey court orders. *See Bonanza Int'l, Inc. v. Corceller,* 480 F.2d 613, 614 (5th Cir. 1973); *see also McGrady v. D'Andrea Elec., Inc.,* 434 F.2d 1000, 1001 (5th Cir. 1970).

### Analysis

Plaintiff is not entitled to judgment by default. Contrary to the assertion otherwise in his motion, all defendants other than Officer Lewis appeared and filed answers in defense to Plaintiff's allegations prior to Plaintiff's moving for default judgment. *See* Dkt. Nos. 22-29 & 34. Also, contrary to Plaintiff's motion, the Clerk did not enter default prior to Plaintiff's filing his motion for default judgment. *Cf. Lewis v. Morehouse Det. Ctr.*, Civ. A. No. 09-0332, 2010 WL 2360720, at *1 (W.D. La. Apr. 30, 2010) ("Having set aside the Clerk's entry of default against the individual defendants, plaintiff now lacks the requisite foundation for a default judgment against them."), *rec. adopted*, 2010 WL 2360669 (W.D. La. June 9, 2010).

Specifically as to Officer Lewis, who has not appeared, even if the Court liberally construes the Motion for Default Judgment as having been filed after entry of default by the Clerk, Plaintiff has failed to establish, through an affidavit or otherwise, that Officer Lewis was served with the summons and complaint, is not an incompetent person, or is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940. *See* Dkt. No. 62 (response to the motion for default judgment filed by defendants who have appeared, noting that "former officer Terry Lewis has not been served with summons and complaint").

**Recommendation**

The Motion for Default Judgment [Dkt. No. 60] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 13, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE