IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD DERELL HARMON (TDCJ No. 1891908), Plaintiff, V. CHAU NGUYEN, ET AL., Defendants. | § § § § § § § § § § § | No. 3:14-cv-2038-D-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from United States District Judge Sidney A. Fitzwater. *See* Dkt. No. 107. The undersigned issues the following findings of fact, conclusions of law, and recommendation that Plaintiff Edward Derell Harmon's motions for leave to amend his complaint, *see* Dkt. Nos. 90, 94, and 101, should be denied without prejudice.

**Background**

On October 21, 2014, the undersigned recommended that Plaintiff's excessive force claim and related bystander liability (failure to intervene) claim should be allowed to proceed against numerous Dallas Police Department officers identified by Plaintiff. *See* Dkt. No. 17. No objections were filed, and the Court adopted that recommendation and ordered service on the officers on November 25, 2014. *See* Dkt. No. 19.

The Court's scheduling order [Dkt. No. 56] set April 6, 2015 as the deadline to amend pleadings. On April 7, 2015, the Court received three motions from Plaintiff [Dkt. Nos. 76-78], which the Court, on May 13, 2015, liberally construed as timely requests for leave to amend and denied without prejudice, because Plaintiff failed to submit a copy of his proposed amended complaint. *See* Dkt. No. 89 at 3 ("[B]ecause Harmon has failed to submit a copy of his proposed amended complaint, as N.D. Tex. Civ. R. 15.1 requires, the court will grant him a period of 14 days to file another motion for leave to amend, which must include a copy of the amended complaint that he seeks leave to file. His three pending motions for leave are denied without prejudice.").

The now-pending motions for leave were received by the Court on June 8, 2015, *see* Dkt. No. 90; June 19, 2015, *see* Dkt. No. 94; and June 26, 2015, *see* Dkt. No. 101.

The undersigned now concludes that the Court should deny without prejudice leave to amend the complaint.

**Legal Standards**

"[T]he grant of leave to amend the pleadings pursuant to [Federal Rule of Civil Procure 15(a)] is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). And Rule 15(a)(2) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). But granting leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)).

In deciding whether to grant leave to amend, the court may consider factors such

as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing cases). And "a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009)) (internal quotation marks omitted); *but see Reneker v. Offill*, No. 3:08-cv-1394-D, 2011 WL 1427661, at *1 (N.D. Tex. Apr.13, 2011) ("the court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion").

## Analysis

Leave to amend should be denied. If the Court liberally construes the new motions for leave to amend as collectively presenting a proposed amended complaint – as required by the Court's previous order – such a proposed amended complaint, at best, would merely contain labels and conclusions and would be devoid of factual allegations. *Compare* Dkt. No. 90 (identifying substantially the same defendants and adding the label "falsify government documents" without further explanation); Dkt. No. 94 (containing no substantive claims but merely repeating language commonly seen in rules related to amendment of pleadings and including a jurisdictional section); Dkt. No. 101 (seeking leave to add claims for "violation of civil right 8th, 4th, 2nd, 5th, 14th, and 1st Amendments" without further explanation and including legal standards attributable to the Fourteenth and Fourth Amendments), *with Johnson v. City of*

*Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) ("to survive a motion to dismiss[,]" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him or her to relief" (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e))).

Accordingly, "the complaint as amended would be subject to dismissal," and, thus, leave to amend is futile. *Varela*, 773 F.3d at 707.

Because the amended complaint as proposed presents such a stark example of a complaint subject to dismissal under the pleading standards, and because Defendants have filed motions for summary judgment as to their entitlement to qualified immunity, *see* Dkt. Nos. 110-115, here, the Court should depart from its usual practice of addressing futility in the context of a separate Rule 12(b)(6) or Rule 56 motion.

Further, should the Court find that Defendants are not entitled to qualified immunity, it could then give Plaintiff one last opportunity to present a proposed amended complaint alleging "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

**Recommendation**

The Court should deny without prejudice Plaintiff Edward Derell Harmon's motions for leave to amend his complaint [Dkt. Nos. 90, 94, and 101].

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: July 28, 2015

                                              _____
                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE