IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD DERELL HARMON | § | |
| (TDCJ No. 1891908), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-2038-D-BN |
| | § | |
| CHAU NGUYEN, ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from United States District Judge Sidney A. Fitzwater. *See* Dkt. No. 107. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny the construed motion for leave to file an amended complaint the Court received and docketed on September 21, 2015. Dkt. No. 128.

## Background

The Court established April 6, 2015 as the deadline to file motions for leave to amend the pleadings. *See* Dkt. No. 56. Plaintiff Edward Derell Harmon has filed numerous motions for leave, both before and after that deadline. *See* Dkt. Nos. 76, 77, 78, 90, 94, and 101. As to Plaintiff's three most recent motions, on July 28, 2015, the undersigned recommended that leave to amend be denied, *see* Dkt. No. 117, and the Court accepted that recommendation on September 1, 2015, *see* Dkt. No. 126.

Already pending before the Court are Defendants' motions for summary judgment. *See* Dkt. Nos. 110-115. Plaintiff's response to those motions is due no later than October 12, 2015. *See* Dkt. No. 127

Turning to Plaintiff's latest attempt to amend his 42 U.S.C. § 1983 complaint, Plaintiff's filing is titled "Complaint for Negligence Under the Federal Employers Liability Act" and contains some factual allegations concerning his arrest that are consistent with previous factual allegations Plaintiff has made concerning that event but which add little new (or relevant) information regarding the arrest. *See* Dkt. No. 128.

The undersigned now concludes that the Court should deny the construed motion for leave to file an amended complaint.

## Legal Standards and Analysis

Because the standards by which the Court evaluates a motion for leave to amend the pleadings vary according to whether the motion was filed before or after the deadline established in the scheduling order, the Court must determine, as an initial matter, whether the motion was filed before or after the deadline. *See, e.g* ., *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-08700-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) ("Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2).").

When, as here, the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the good

cause standard of Federal Rule of Civil Procedure 16(b)(4). *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). To meet the good cause standard, the party must show that, despite his diligence, he could not reasonably have met the scheduling order deadline. *See id.* at 535. The Court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997)). If the movant satisfies Rule 16(b)(4)'s requirements, the court must then determine whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536; but see " *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) ("a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal" (quoting *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009) (internal quotation marks omitted))).

Plaintiff has not attempted to meet – much less has he established – good cause under Rule 16(b)(4). As explained above, he has moved to amend multiple times before. In his current motion for leave to amend, he fails to explain why he could not have included the current information in his previous attempts. The current attempt to amend – facially, to state a claim for negligence – is, moreover, not important to the

pending civil rights complaint. *Cf. Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (due process claims not implicated by state official's negligence). And a late amendment now certainly prejudices the defendants who have moved for summary judgment. *See Valcho v. Dallas Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 815 (N.D. Tex. 2009) ("This court has frequently found prejudice when a party seeks leave to amend after the opposing party has filed a motion for summary judgment." (collecting cases)); *see also Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990) ("[t]o grant ... leave to amend is potentially to undermine [a party's] right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint.... A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint." (quoting from and then affirming Judge Fitzwater's opinion below) (internal quotation marks omitted)).

## Recommendation

The Court should deny the construed motion for leave to file an amended complaint [Dkt. No. 128].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 23, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE