IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD DERELL HARMON (TDCJ No. 1891908), | § | |
| Plaintiff, | § | |
| V. | § | No. 3:14-cv-2038-D-BN |
| CHAU NGUYEN, ET AL., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This civil rights cases, resulting from the March 2013 arrest of Plaintiff Edward Derell Harmon by Dallas police officers, has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from United States District Judge Sidney A. Fitzwater. *See* Dkt. No. 107.

Harmon's claims that, during his arrest, the officers violated his Fourth Amendment right to be free from excessive force survived initial screening. All but one officer answered the complaint, and all answering officers asserted the affirmative defense of qualified immunity. Those officers have now moved for summary judgment as to that affirmative defense. *See* Dkt. Nos. 110, 111, 112, 113, 114, & 115. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should grant the Defendants' motions for summary judgment and dismiss Harmon's claims with prejudice.

## Background

Harmon was arrested on March 26, 2013. As alleged in his *pro se* complaint, as amended by his answers to the Court's questionnaire, Harmon's Fourth Amendment excessive force claim is, in sum, that two Dallas police officers – Defendants Terrell McNeal and Chau Nguyen – kicked and punched him, slammed his head to the floor, and verbally threatened him, *see* Dkt. No. 3 at 4; Dkt. No. 16 at 4-5, and also "beat [him] up after putting handcuff[s] on" him, Dkt. No. 16 at 1; *see also* Dkt. No. 3 at 4 (asserting that Nguyen caused Harmon injury "after handcuff was on").

Harmon also has alleged that fifteen other Dallas police officers were "involve[d] and did nothing to stop it or act on it as public servant[s] of law." Dkt. No. 16 at 1. The Court liberally construed this allegation as asserting a claim of bystander liability/failure to intervene to intercede and prevent excessive force, also in violation of the Fourth Amendment, against Defendants Mario Cantu, Michael Coggins, Michael Conway, Thang Dinh, Daniel Fogle, James Fung, Greg Garcia, Jeff Garrett, T. Lewis, John Lising, Jennifer Logan, Norma Massu, Christopher Nilsen, Andrea Spiller, and Tyrone Wall.

After the summary judgment motions were filed, the Court gave Harmon an opportunity to request limited discovery to respond to the qualified immunity issues raised in motions. *See* Dkt. No. 116; *see also Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987); *Webb v. Livingston*, 618 F. App'x 201 (5th Cir. 2015) (per curiam). Because Harmon's response to the order failed to provide specific discovery requests, his motion was denied, and the Court ordered Harmon to respond to the summary

judgment motions no later than October 12, 2015. *See* Dkt. No. 127. Even liberally construing the many pleadings that Harmon has filed, he has failed to file a substantive response to the summary judgment motions.

As such, the undisputed summary judgment evidence, submitted through the defendants' sworn affidavits, is that officers assigned to the Dallas Police Department's Narcotics Division executed a no-knock search warrant at a house located on Marjorie Street in Dallas, Texas on March 26, 2013. Upon entry by the officers, the door struck Harmon, who stumbled backward and caused crack cocaine located on a table to fall to the floor. Harmon then struggled with Officer McNeal and refused McNeal's commands to show his hands and to get on the floor. During this altercation, McNeal observed Harmon begin to reach for his waistband, and Officer Nguyen observed a handgun in Harmon's waistband. McNeal then pushed Harmon against the wall, and he and Nguyen forced Harmon to the floor and handcuffed him. A second handgun was then found hidden in Harmon's underwear.

**Legal Standards**

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (in turn quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); some internal quotation marks omitted). This "gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who

knowingly violate the law." *Stanton v. Sims*, 134 S. Ct. 3, 5 (2013) (per curiam) (quoting *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2085 (2011); internal quotation marks omitted); *see also Mullenix*, 136 S. Ct. at 308 ("[a] clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right'"(quoting *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012))).

While review of a motion for summary judgment based on qualified immunity is accomplished in two steps, a court may conduct the required two-step examination in any order. *See Pearson*, 555 U.S. at 236; *see also Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 469 (5th Cir. 2014) (there is "discretion to decide which of the two steps of qualified immunity to address first").

Regardless of which prong is addressed first, a court must decide "whether the facts, taken in the light most favorable to the plaintiff, show the officer's conduct violated a federal constitutional or statutory right." *Luna v. Mullenix*, 773 F.3d 712, 718 (5th Cir. 2014) (citing *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014) (per curiam); *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004)), *reversed on other grounds*, 136 S. Ct. 305 (2015). Put differently, under the first prong, a court simply must decide "whether the plaintiff has alleged a violation of a constitutional right." *Charles v. Grief*, 522 F.3d 508, 511 (5th Cir. 2008).

A court also must decide "whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores*, 381 F.3d at 395. This second prong of the analysis requires a court to determine "whether the defendant's conduct was objectively reasonable in light of the

clearly established law at the time of the incident." *Charles*, 522 F.3d at 511. That is, even if a government official's conduct violates a clearly established right, the official remains entitled to immunity if his conduct was objectively reasonable. *See Davis v. McKinney*, 518 F.3d 304, 317 (5th Cir. 2008); *see also Wood v. Moss*, 134 S. Ct. 2056, 2067 (2014) ("The dispositive inquiry, we have said, is whether it would have been clear to a reasonable officer in the [defendants'] position that their conduct was unlawful in the situation they confronted." (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001); internal quotation marks and brackets omitted from original)).

To determine whether the law at the time of an incident was clearly established, even if the Court assumes that each right that a plaintiff asserts did apply in his case, each right must be defined at the appropriate level of specificity. While "'a case directly on point'" is not necessarily required to "conclud[e] that the law is clearly established, '[ ] existing precedent must have placed the statutory or constitutional question beyond debate.'" *Stanton*, 134 S. Ct. at 5 (quoting *al-Kidd*, 131 S.Ct. at 2085). The Court also may not "'define clearly established law at a high level of generality,' since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014) (quoting *al-Kidd*, 131 S. Ct. at 2084); *accord Mullenix*, 136 S. Ct. at 309 ("The dispositive question is whether the violative nature of *particular* conduct is clearly established." (citation and internal quotation marks omitted; emphasis in original)).

Essential to the "clearly-established inquiry is 'fair warning'"; thus, the Court is required to "ask 'not only whether courts have recognized the existence of a

particular constitutional right, but also ... whether that right has been defined with sufficient clarity to enable a reasonable official to assess the lawfulness of his conduct.'" *Morgan v. Swanson*, 659 F.3d 359, 372 (5th Cir. 2011) (en banc) (respectively quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002); *McClendon v. City of Columbia*, 305 F.3d 314, 331 (5th Cir. 2002) (en banc) (per curiam)).

In sum,

> [w]hen deciding whether the right allegedly violated was "clearly established," the court asks whether the law so clearly and unambiguously prohibited the conduct that every reasonable official would understand that what he is doing violates the law. Answering in the affirmative requires the court to be able to point to controlling authority – or a robust consensus of persuasive authority – that defines the contours of the right in question with a high degree of particularity. This requirement establishes a high bar. When there is no controlling authority specifically prohibiting a defendant's conduct, the law is not clearly established for the purposes of defeating qualified immunity.

*Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013) (citing *Morgan*, 659 F.3d at 371-72; internal citations and quotation marks omitted).

Once a defendant invokes his entitlement to qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon*, 305 F.3d at 323; *see Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir. 1997) ("We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs." (internal quotation marks omitted)); *Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir. 2014) ("Once the defendant raises the qualified immunity defense, 'the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established

law.'" (quoting *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008))); *see also Brooks v. City of West Point*, 18 F. Supp. 3d 790, 794 (N.D. Miss. 2014) ("The usual summary judgment burden of proof is altered somewhat in the case of a qualified immunity defense." (citing *Gates v. Tex. Dep't of Prot. & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008))).

The qualified immunity defense is appropriately resolved at the summary judgment stage when (1) a plaintiff has established that the defendant has engaged in the complained-of conduct or (2) the court "skip[s], for the moment, over ... still-contested matters to consider an issue that would moot their effect if proved." *Harlow*, 457 U.S. at 818; *see also Haverda v. Hays County*, 723 F.3d 586, 599 (5th Cir. 2013). "'If resolution of [qualified immunity] in the summary judgment proceedings turns on what the defendant actually did, rather than on whether the defendant is immunized from liability ..., and if there are conflicting versions of his conduct, one of which would establish and the other defeat liability, then the case is inappropriate for summary judgment.'" *Haverda*, 723 F.3d at 599 (quoting *Barker v. Norman*, 651 F.2d 1107, 1123-24 (5th Cir. Unit A July 1981)).

Accordingly, a court's qualified immunity inquiry at the summary judgment stage requires that the court "accept the plaintiff's version of the facts (to the extent reflected by proper summary judgment evidence) as true." *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004); *see also Tolan*, 134 S. Ct. at 1863 ("[I]n ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."); *cf. Freeman v. Gore*, 483 F.3d

404, 410 (5th Cir. 2007) ("Thus, a defendant challenging the denial of a motion for summary judgment on the basis of qualified immunity 'must be prepared to concede the best view of the facts to the plaintiff and discuss only the legal issues raised by the appeal.'" (quoting *Gonzales v. Dallas Cnty., Tex.*, 249 F.3d 406, 411 (5th Cir. 2001))); *Fuentes v. Riggle*, 611 F. App'x 183, 189, 190 (5th Cir. 2015) (per curiam) (A court of appeals "can review the materiality of any factual disputes, but not their genuineness.... [D]eciding whose version of the facts must be accepted falls squarely within the realm of a dispute as to genuineness." (citations, quotation marks, and emphasis omitted)).

"Although summary judgment may be appropriate based on a plaintiff's inability to prove the facts essential to recovery, this has 'nothing to do with the qualified immunity defense.'" *Haverda*, 723 F.3d at 599 (quoting *Barker*, 651 F.2d at 1124)). "[I]mmunity ... [is] an entitlement distinct from the merits of the case." *Good v. Curtis*, 601 F.3d 393, 397 (5th Cir. 2010) (citation and quotation marks omitted).

**Analysis**

"In the Fifth Circuit, to succeed on an excessive force claim, the plaintiff bears the burden of showing: '(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable.'" *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000) (quoting *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999)); *accord Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011). A court assesses the reasonableness of the force by examining

> the facts and circumstances of the particular case – the need for force determines how much force is constitutionally permissible. The court should consider the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Hogan v. Cunningham*, 722 F.3d 725, 734 (5th Cir. 2013) (citations and internal quotation marks omitted).

Relatedly,"the Fourth Amendment right to be free from excessive force during a seizure is clearly established." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012) (citing *Deville v. Marcantel*, 567 F.3d 156, 169 (5th Cir. 2009) (per curiam)). That is, when Harmon was arrested in March 2013,

> the law was clearly established that although the right to make an arrest "'necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it,'" the permissible degree of force depends on the severity of the crime at issue, whether the suspect posed a threat to the officer's safety, and whether the suspect was resisting arrest or attempting to flee.

*Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008) (quoting *Saucier*, 533 U.S. at 208 (in turn quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989))).

Considering the undisputed material facts – specifically, (1) that Harmon struggled with one officer and refused that officer's commands to show his hands and to get on the floor; (2) that the same officer observed Harmon reach for his waistband, where a weapon could be concealed; and (3) a second officer actually observed a gun in Harmon's waistband – the undersigned cannot find that either officer violated a clearly established constitutional right. The force used by Officers McNeal and Nguyen was

neither excessive to the need nor unreasonable given the situation – one in which Harmon resisted arrest and his possession of a gun posed a threat to the officers' safety.

Accordingly, Defendants McNeal and Nguyen are entitled to summary judgment on their affirmative defense of qualified immunity.

As to the remaining defendants, while "[a]n officer may be liable under 42 U.S.C. § 1983 if he is 'present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force,'" *Ryan v. City of Fort Worth, Tex.*, No. 4:07-cv-310-A, 2009 WL 577284, at *5 (N.D. Tex. Mar. 5, 2009) (quoting *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995)), here, the material facts do not establish that excessive force was used, and, as such, there can be no bystander liability for the remaining defendants, *see, e.g.*, *Peavy v. Dallas Indep. Sch. Dist.*, 57 F. Supp. 2d 382, 390 n.4 (N.D. Tex. 1999) (holding *Hale* not to be applicable where defendant did not acquiesce in any conduct violating plaintiff's constitutional rights).

Accordingly, Defendants Cantu, Coggins, Conway, Dinh, Fogle, Fung, Garcia, Garrett, Lising, Logan, Massu, Nilsen, Spiller, and Wall are entitled to summary judgment on their affirmative defense of qualified immunity.

One defendant remains, Officer T. Lewis. Although Lewis has neither answered nor otherwise appeared in this litigation, it does not seem that he was successfully served. *See* Dkt. No. 38 at 12 (summons return indicating that Lewis "no longer works for DPD, need more information"). But, given that Harmon has been granted leave to proceed *in forma pauperis*, *see* Dkt. No. 12, that statute provides some guidance as to

the disposition of Harmon's bystander liability/failure to intervene Fourth Amendment claim against Lewis.

Section 1915, in part, provides that "the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Having considered the evidence presented as to Harmon's constitutional claims, it is clear that he has failed to present a plausible Fourth Amendment claim. Thus, Lewis's nonappearance should be of no concern, because the Court is required to dismiss this action under Section 1915(e)(2)(B). *See, e.g.*, *Moore-Bey v. Cohn*, 69 Fed. App'x 784, 787-88 (7th Cir. 2003) (per curiam) ("That leaves only the defendants who were never served. In its final order terminating the case, the district court did not explain its rationale for dismissing the three unserved defendants. But we are confident that the court, after having reviewed Moore-Bey's evidence as to the served defendants, carried out its statutory mandate to dismiss a complaint whenever it becomes apparent to the court that no claim for relief is stated or the case is frivolous." (collected authority omitted)); *cf. Edmon v. Chaney*, 160 Fed. App'x 437, 439 (5th Cir. 2006) (per curiam) ("A district court must dismiss a complaint that it determines to be frivolous. Service upon the defendants prior to such a dismissal is not required." (citation omitted)).

**Recommendation**

The Court should grant the defendants' motions for summary judgment as to their affirmative defenses of qualified immunity [Dkt. Nos. 110 & 113], deny as moot Harmon's pending motions [Dkt. Nos. 132, 133, 141, 143, & 144], and dismiss

Plaintiff's claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 4, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE