IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD DERELL HARMON (TDCJ No. 1891908), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-2038-D-BN |
| CHAU NGUYEN, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

In this civil rights case, resulting from the March 2013 arrest of Plaintiff Edward Derell Harmon by Dallas police officers, the Court granted defendants' motions for summary judgment as to their affirmative defenses of qualified immunity, dismissed Harmon's claims with prejudice, and entered judgment on February 25, 2016. *See* Dkt. Nos. 149, 152, & 153. Harmon has noticed his appeal. *See* Dkt. Nos. 155, 156, & 162. And he now moves for relief under Federal Rule of Civil Procedure 60(b). *See* Dkt. No. 164. United States District Judge Sidney A. Fitzwater has referred Harmon's Rule 60(b) motion to the undersigned United States magistrate judge for recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See* Dkt. No. 165. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny the motion.

**Legal Standards and Analysis**

As the undersigned recommends that Harmon's Rule 60(b) motion should be

denied, "the Court acts within its jurisdiction, albeit limited, because the denial is in furtherance of [his] appeal before the Fifth Circuit." *Johnson v. Potter*, No. 3:05-cv-2287-O, 2009 WL 2096211, at *2 (N.D. Tex. June 19, 2009) (citing *Travelers Ins. Co. v. Liljeberg Enters.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994); *Willie v. Continental Oil Co.*, 746 F.2d 1041, 1046 (5th Cir. 1984), *vacated*, 760 F.2d 87 (5th Cir. 1985), *rev'd on other grounds*, 784 F.2d 706 (5th Cir. 1986) (en banc)).

Rule 60(b) should only be applied in "extraordinary circumstances," *B-F Invs. v. F.D.I.C.*, 252 F.3d 434, 434 (5th Cir. 2001), and primarily applies in cases in which the "'true merits of a case might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence,'" *Swift Chem. Co. v. Usamex Fertilizers*, 490 F. Supp. 1343, 1350 (E.D. La. 1980) (quoting *Fackelman v. Bell*, 564 F.2d 734, 735-36 (5th Cir. 1977)); *see also Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981) (when deciding a Rule 60(b) motion, a district court should consider factors such as "[t]hat final judgments should not lightly be disturbed" and whether "the movant had a fair opportunity to present his claim or defense" previously).

It is Harmon's "burden" to "establish[] at least one of the Rule 60(b) requirements." *Bahsoon v. Wells Fargo Bank, NA*, No. 3:12-cv-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n.14 (5th Cir. 1994) (en banc)).

Harmon has not carried this burden. His motion instead merely recites Rule

60(b) itself and does not include any factual content to explain why the Court's judgment should be disturbed.

### Recommendation

The Court should deny Harmon's Rule 60(b) motion [Dkt. No. 164].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 25, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE